UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT FRANCIS BUTLER, JR.,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 2:26-cv-01311-EJY

**ORDER**

Pending before the Court is *pro se* Plaintiff's Amended Complaint.  ECF No. 6.  On May 1, 2026, the Court dismissed Plaintiff's original Complaint because it was unsigned and did not explain why Plaintiff disagreed with the final decision of the Social Security Administration ("the Administration") or why he would be entitlement to relief.  ECF No. 5.  Unfortunately, Plaintiff's Amended Complaint does not correct these deficiencies.

As stated in the Court's prior Order, Plaintiff's Complaint must do four things.  *Id*.  First, Plaintiff must demonstrate that he exhausted his administrative remedies in accordance with 42 U.S.C. § 405(g) and that he filed this lawsuit within sixty days of the Administration's final decision. *Montoya v. Colvin*, Case No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016).  Second, Plaintiff must indicate the judicial district where he resides.  *Id*.  Third, Plaintiff must state the nature of his disability, including when he became disabled.  *Id.*  Fourth, Plaintiff's Complaint must set forth a short and plain statement identifying the nature of his disagreement with the Administration's decision and demonstrate how Plaintiff is entitled to relief.  *Id*.

Plaintiff's Amended Complaint only meets one of the four requirements.  That is, it appears from the Complaint that Plaintiff resides in the District of Nevada.  ECF No. 5 at 2.  However, Plaintiff does not demonstrate that he exhausted administrative remedies within the Administration or that he filed this lawsuit within sixty days of the Administration's final decision.  Plaintiff also does not identify his disability or indicate when it arose.  Liberally construed, Plaintiff is contending that an Administrative Law Judge failed to ask proper questions about Plaintiff's unidentified

disability. ECF No. 6-1 at 1. However, this contention does not provide notice to Defendant or the Court about why Plaintiff disagrees with the Administration's decision. For example, Plaintiff could argue the Administrations finding was erroneous because it was unsupported by the medical evidence in the record or the Administrative Law Judge found Plaintiff's disability to be non-severe. In sum, although the Court liberally construes complaints brought by *pro se* plaintiffs, Mr. Butler still must identify an error in the Administration's decision. *See Moles v. Berryhill*, Case No. 3:15-CV-02143-JE, 2017 WL 2225577, at *7 (D. Or. May 22, 2017).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Amended Complaint (ECF No. 6) is dismissed without prejudice with **one** final opportunity to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so **no later than July 2, 2026**. The amended complaint must be titled "SECOND AMENDED COMPLAINT" and must be complete, meaning that Plaintiff must state (1) whether Plaintiff exhausted his administrative remedies and filed this action within sixty days of the Administration's final decision, (2) the judicial district where Plaintiff resides, (3) the nature of Plaintiff's disability and when it began, and (4) a short and plain statement identifying why Plaintiff disagrees with the Administration's decision and why he is entitled to relief.

IT IS FURTHER ORDERED that failure to comply with this Order will result in a dismissal of this action with prejudice.

Dated this 2nd day of June, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE